**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

PHAKDY T.K.,

Petitioner,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security, PAMELA BONDI, Attorney General of the United States; TODD LYONS, Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director of St. Paul Field Office of U.S. Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-714 (NEB/EMB)

ORDER ON
PETITION FOR
WRIT OF HABEAS CORPUS

---

This matter is before the Court on Petitioner Phakdy T.K.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Phakdy T.K. is a citizen of Laos who has lived in the United States since 1984, when he entered the United States as a four-year-old refugee. (*Id.* ¶ 1.) He later became a lawful permanent resident. (*Id.*)

In 1999, Phakdy T.K. was convicted of three theft charges and giving police officers a false name. (*Id.*) Phakdy T.K. has a 2002 removal order. (*Id.* ¶ 11.) He checked in with ICE every year under an Order of Supervision. (*Id.* ¶ 1.) He has not committed any other crime or violated his Order of Supervision. (*Id.* ¶ 11.)

On January 19, 2026, ICE entered Phakdy T.K.'s front door without a warrant. (*Id.* ¶ 2.) In doing so, they broke the door handle, making it so Phakdy T.K.'s family could not open the door for them. (*Id.*) Phakdy T.K., his wife, and his children came out through the garage door, and ICE arrested Phakdy T.K. (*Id.*). ICE did not serve Phakdy T.K. a notice that his Order of Supervision was revoked. (*Id.*) ICE arrested Phakdy T.K., and he was initially detained in Minnesota, and then transferred to El Paso, Texas. (*Id.* ¶ 10; ECF No. 8 at 2.)

On January 27, Phakdy T.K. filed this Petition for Writ of Habeas Corpus, alleging violations of the Fifth Amendment, Fourth Amendment, Administrative Procedure Act, and *Accardi* doctrine. In their response to the Petition, Respondents ask the Court to dismiss the Petition for improper venue or transfer it to the United States District Court for the Western District of Texas. (ECF No. 5.)

Generally, habeas petitions seeking to challenge present physical custody should be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443–44 (2004). Phakdy T.K. acknowledges this general rule, but he argues that Minnesota is the appropriate forum, despite his detention in Texas, because a substantial part of the relevant events occurred in Minnesota. (ECF No. 9 at 2.)

Phakdy T.K. relies on standards governing venue for civil actions, but the rules governing the appropriate forum in habeas actions are different. A district court may

grant habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this language to mean that habeas petitions should, generally, be brought in the district of confinement. *Padilla*, 542 U.S. at 443. So Phakdy T.K.'s reliance on standards governing venue for standard civil actions is misplaced. *Williams v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996) ("We acknowledge that the rules of civil procedure apply to habeas corpus petitions only 'when appropriate' and 'to the extent that they are not inconsistent with' the rules governing habeas corpus cases."); *Padilla*, 542 U.S. at 452–53 (Kennedy J., concurring, joined by O'Connor, J.) (stating that "these forum-location rules for habeas petitions are based on the habeas statutes and the cases interpreting them" rather than the "venue rules and venue considerations that apply to other sorts of civil lawsuits.").[1]

Nor is this case like others in the District in which courts have applied an exception to the district-of-confinement rule because "there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where

[1] Phakdy T.K. asserts that the especially egregious facts underlying this Petition undoubtably allows this Court to keep this case in Minnesota. (ECF No. 9 at 2 ("Respondents' unlawful actions of trying to break down Petitioner's door with a battering ramp to arrest him without a judicial warrant alone gives this court reason to keep the case in Minnesota, which Respondents do not deny this occurred in their response.").) The Court agrees that the allegations in the Petition are egregious, but Phakdy T.K. does not point to binding or persuasive authority that would allow the Court to circumvent *Padilla*.

the habeas petition should be filed" or "the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Padilla*, 542 U.S. at 454 (Kennedy J., concurring, joined by O'Connor, J.); *see, e.g.*, *Aleksander B. v. Trump*, No. 26-CV-170 (KMM/DJF), ECF No. 18 at 5–6 (Jan. 22, 2026) (applying this exception and collecting similar cases).

The facts of this case are materially distinguishable from those cases. The Petition was filed eight days after Phakdy T.K.'s arrest and with knowledge that Phakdy T.K. was in Texas. His Petition does not allege that, at the time of filing, counsel reasonably believed Phakdy T.K. was in Minnesota; the Petition is clear that Phakdy T.K. was in Texas at the time of filing. (Pet. ¶¶ 1, 10, 11, 24; Pet. at 33 (requesting "an emergency preliminary order restraining Respondents from attempting to move Mr. [Phakdy T.K.] from the State of Texas during the pendency of this Petition").). Phakdy T.K.'s counsel asserts that ICE was not forthcoming about the location of Phakdy T.K., (ECF No. 9 at 1–2), but counsel does not connect those difficulties to the filing of the present Petition; for example, counsel does not argue that this delayed the filing of the Petition. And one thing is clear—by the time the Petition was filed, counsel knew Phakdy T.K. was in Texas.

Because the Petition does not allege facts supporting application of any exception to the district-of-confinement rule, the Court grants Respondents' motion and transfers the case to the Western District of Texas.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Clerk of Court is directed to transfer this case to the United States District Court for the Western District of Texas.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 2, 2026
Time: 5:10 p.m.

BY THE COURT:
s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge