**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **PHAKDY TOUN KEUNGSAVATH,**<br><br>***Petitioner*,**<br>**v.**<br><br>**MARKWAYNE MULLIN,**<br>*Secretary of the Department of Homeland Security*;<br>**TODD BLANCHE,**<br>*Attorney General of the United States*;<br>**DAVID J. VENTURELLA,**<br>*Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement*; **and**<br>**DAVID EASTERWOOD,**<br>*Acting Director of St. Paul Field Office of U.S. Immigration and Customs Enforcement*,<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § | **EP-26-CV-00308-DCG** |

**ORDER DISMISSING CASE WITHOUT PREJUDICE AS MOOT**

Respondents previously advised the Court that the Government removed Petitioner to Laos.[1] The Court therefore ordered Petitioner to show cause why the Court should not dismiss this case as moot.[2]

Petitioner argues that this case is not moot for two reasons. First, Petitioner points to the collateral consequences doctrine,[3] which counsels that "when the [petitioner's] primary injury . . . has ceased, the case is not moot *if the challenged conduct* continues to cause other

---

[1] *See* Resp'ts Status Report, ECF No. 23, at 1–2.

[2] Order Pet'r Show Cause, ECF No. 24, at 1–2.

[3] *See* Pet'r Resp., ECF No. 25, at 2–4.

harm (*i.e.*, 'collateral consequences') that the court is capable of preventing."[4] This being a habeas case, the Petition challenged Petitioner's *detention*.[5] Yet, the purported collateral consequences that Petitioner identifies flow from his *removal*.[6] Because Petitioner did not challenge his removal and fails to identify ongoing harm that his *detention* "continues to cause," the collateral consequences doctrine is inapposite.[7]

Second, Petitioner argues that the Petition is not moot because it presents Fourth Amendment issues that are "capable of repetition, yet evading review."[8] That exception to mootness means that a court retains jurisdiction if "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable

---

[4] *Allied Home Mortg. Corp. v. U.S. Dep't of Hous. & Urb. Dev.*, 618 F. App'x 781, 787 (5th Cir. 2015) (citation modified); *see also Hernandez Membreno v. Vergara*, No. 1:26-cv-496-RP, 2026 WL 1045952, at *2 (W.D. Tex. Apr. 14, 2026) (citing *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007)) (applying the collateral consequences doctrine to an immigration habeas petition).

[5] *See generally* Pet., ECF No. 1.

In his Petition, Petitioner also requested injunctive relief barring his removal (1) without adequate process like an asylum hearing or (2) to a country where he "will more than likely be jailed." *See* Pet. at 34. Petitioner, however, neither briefed those issues in his Petition nor raised them in his Response to the Court's Order to Show Cause. *See generally* Pet.; Pet'r Resp. The Court therefore deems Petitioner's arguments as to those issues inadequately briefed and waived. *See Perez v. Davis*, No. 3:17-CV-3319-D-BT, 2018 WL 7141435, at *2 (N.D. Tex. Dec. 27, 2018) ("[A]llegations in a federal habeas petition that are inadequately briefed are waived and will not be considered." (citing *Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002))), *report and recommendation adopted by* No. 3:17-CV-3319-D, 2019 WL 366292 (N.D. Tex. Jan. 30, 2019).

[6] *See* Pet'r Resp. at 3 (listing as collateral consequences statutory bars on re-entry, risk of criminal liability for re-entry, inability to work in the United States, and family separation); *Valle Vargas v. De Anda-Ybara*, No. CIV25-0834 JB/GBW, 2026 WL 63932, at *4 (D.N.M. Jan. 8, 2026) (determining that similar alleged collateral consequences resulted from removal rather than detention), *report and recommendation accepted by* 2026 WL 256810 (D.N.M. Jan. 30, 2026).

[7] *See, e.g.*, *Hernandez Membreno*, 2026 WL 1045952, at *2–3 (dismissing habeas petition as moot where removed noncitizen failed to identify ongoing, collateral consequences of his detention); *Valle Vargas*, 2026 WL 63932, at *4 (similar); *see also supra* note 4 and accompanying text.

[8] Pet'r Resp. at 4.

expectation that *the same* complaining party will be subject to the same action again."[9] That second component requires Petitioner to "show either a demonstrated probability or a reasonable expectation" that he will "be subject to the same unlawful governmental action again."[10]

Petitioner's arguments here also fail. For one, habeas petitions cannot generally raise Fourth Amendment claims.[11] Even if they could, Petitioner's speculation about what might happen "if he returns" to the United States[12] does not establish anything beyond a "theoretical possibility" that he will be subject to the same alleged Fourth Amendment violations again.[13] That kind of speculation is not sufficient to trigger the mootness exception.[14] And although Petitioner argues that ICE continues to "illegally enter[] homes" "[a]cross the country,"[15] the capable of repetition yet evading review exception applies only where "the same complaining party" (here, Petitioner) is reasonably likely to be subject to the challenged conduct again.[16] Thus, Petitioner's allegation that *other* people may experience Fourth Amendment violations does not make *this* petition justiciable.

---

[9] *Davis v. FEC*, 554 U.S. 724, 735 (2008) (emphasis added) (quotations omitted).

[10] *Rhone v. City of Texas City*, 93 F.4th 762, 767 (5th Cir. 2024) (citation modified).

[11] *Kanda v. Cole*, 830 F. Supp. 3d 659, 665 (S.D. Tex. 2026); *see also Men Keng Chang v. Jiugni*, 669 F.2d 275, 279 (5th Cir. 1982).

[12] *See* Pet'r Resp. at 4–5.

[13] *See Rhone*, 93 F.4th at 767. The record lacks any specific indicia of a "reasonable expectation" that Petitioner will either unlawfully reenter the United States or that ICE will arrest him in the same manner again.

[14] *See id.*

[15] Pet'r Resp. at 3–4.

[16] *Davis*, 554 U.S. at 735; *Lopez-Rios v. Trominski*, 77 F.3d 478 (5th Cir. 1996) (unpublished) (case moot where it was speculative that the same immigrant who obtained lawful status would be subject to future deportation proceedings).

Simply put, Petitioner has failed to show cause why the Court should not dismiss this case as moot.[17] The Court therefore **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** as **MOOT**.[18]

The Court thereby **CLOSES** the case.

The Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Senior Official Performing the Duties of the Director of ICE David J. Venturella in place of former Acting Director Todd M. Lyons as a named Respondent in this case.[19]

**So ORDERED and SIGNED this 28th day of August 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[17] *See supra* note 2 and accompanying text.

[18] *See McBride v. Lumpkin*, No. 19-51160, 2022 WL 1800842, at *2 (5th Cir. June 2, 2022) (explaining that dismissals on mootness grounds should be without prejudice).

[19] *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").